CRADDOCK-TERRY COMPANY, PROSECUTOR, v. MAURO
SCIALABRA ET AL., RESPONDENTS.

Argued January 16, 1929—Decided January 31, 1929.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *David C. Kurlantzick.*

For the respondents, no appearance or brief.

PER CURIAM.

This writ brings up for review a judgment in favor of a
claimant of property for goods and chattels levied upon under
an execution issued out under a judgment obtained in the
District Court of the city of Paterson.

The judgment for the debt was recovered May 24th, 1928.
Execution issued thereon May 28th, 1928, and a levy was
apparently made on the same date. The record does not con-
tain the levy nor does it contain the claim of property.

On June 14th, 1928, an order appears to have been entered
directing the trial of such claim of property on September
19th, 1928. A notice of such trial was acknowledged some
time in June by the attorneys for the plaintiff below. On
September 19th, 1928, the attorneys for the plaintiff below
appeared but no one else did so and apparently the court was
not in session. The proofs show that plaintiff below and its
attorneys had no further notice of the proceeding until October
15th, 1928, when being at the office of the clerk of the court
they casually learned that the matter was on for that day at
two P. M. They appeared and upon the jury being called and
sworn objected to proceeding because they had had no notice
of such trial. This objection was overruled. The attorneys

for the judgment creditor were then obliged by the trial judge to open the cause and assume the burden of proof and although some papers were handed the trial judge by the attorney for the claimant, they were not actually introduced and admitted in evidence, offers of proof upon the part of the judgment creditor were refused and the trial judge directed the jury to find in favor of the claimant.

The proceedings are so thoroughly irregular as to require no comment but, perhaps, on the contrary, condemnation.

It is true that the records of a court are *prima facie* proof of its proceedings and cannot be overturned and set aside except by full and convincing proof.

Here, however, that situation, undoubtedly, exists.

The clerk of the court testified that the matter was not tried on September 19th, 1928, the date first fixed but was adjourned from time to time to October 15th, 1928. Against this is the positive proof of the attorney for the judgment creditor that there was no adjournment or other disposition of the matter on September 19th, 1928.

The records of the court are not helpful.

Such record as returned under this writ is:

"June 14th, 1928. Order filed directing trial of claim of property in above case September 19th, 1928, October 13th, 1928. *Venire* issued to try claim of property, returnable October 15th, 1928, at two o'clock P. M."

So, too, with respect to the actual proceeding upon the trial held, October 15th, 1928.

The return is as follows:

"Two bills of sale, execution and notice of sale offered in evidence. The evidence being closed and submitted to the court and jury, judgment was rendered by the jury, by direction of the court in favor of the claimant."

As against this the depositions taken establish a situation in no manner approaching a trial or judidical determination of the proceeding, but, rather, an arbitrary disposal of it.

The judgment under review is therefore set aside, with costs.